IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADVANCED PAIN MANAGEMENT SERV.,  *
LLC, et al.
                                 *
            Plaintiffs
                                 *
        vs.                      CIVIL ACTION NO. MJG-12-3579
                                 *
VIC WADHWA, et al.
                                 *
            Defendants
*      *      *      *      *      *      *      *      *

MEMORANDUM AND ORDER RE: N. WADHWA'S MOTIONS

    The Court has before it Nikkita Wadhwa's Motion to Dismiss

for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P.

12(b)(2) [Document 23], Nikkita Wadhwa's Motion to Modify

Amended and Restated Temporary Restraining Order, Preliminary

Injunction, and Order Authorizing Expedited Discovery [Document

38], and the materials submitted relating thereto.  The Court

finds a hearing unnecessary.


I. BACKGROUND

    Plaintiffs, Maryland-based companies, allege that Nikkita

Wadhwa ("Mrs. Wadhwa") conspired, with her then husband, Vic

Wadhwa ("Mr. Wadhwa") and others, to "unlawfully divert funds

from Plaintiffs to pay for their own personal expenses,

property, or services, or caused Plaintiffs to obtain property

or services for their own personal benefit without

authorization", which caused tortious injury to Plaintiffs

within Maryland.  Compl. [Document 1] ¶ 214.  Plaintiffs contend

Mrs. Wadhwa is subject to this Court's jurisdiction despite her

lack of physical presence in Maryland under the conspiracy

theory of personal jurisdiction.

In Cawley v. Bloch, 544 F. Supp. 133, 135, (D. Md. 1982),

Judge Joseph H. Young stated:

> . . . when (1) two or more individuals
> conspire to do something (2) that they could
> reasonably expect to lead to consequences in
> a particular forum, if (3) one co-
> conspirator commits overt acts in
> furtherance of the conspiracy, and (4) those
> acts are of a type which, if committed by a
> non-resident, would subject the non-resident
> to personal jurisdiction under the long-arm
> statute of the forum state, then those overt
> acts are attributable to the other co-
> conspirators, who thus become subject to
> personal jurisdiction in the forum, even if
> they have no direct contacts with the forum.

In Mackey v. Compass Mktg., Inc., 892 A.2d 479, 486 (Md.

2006) the Maryland Court of Appeals, quoting from Judge Young's

decision, stated:

> We shall recognize this version of the
> [conspiracy jurisdiction] theory, based on
> the premise that one co-conspirator is
> acting as the agent of the others, and that
> those acts are acts of the other co-
> conspirator done "by an agent" within the
> meaning of § 6-103(b) of the Maryland long-
> arm statute.

II.  DISCUSSION

A.  Personal Jurisdiction

Mrs. Wadhwa seeks dismissal of the claims against her pursuant to Rule 12(b)(2)[1] due to a lack of personal jurisdiction.  There appears no doubt that if Mrs. Wadhwa was a co-conspirator with Mr. Wadhwa to divert funds from Plaintiffs' (Maryland-based businesses that employed Mr. Wadhwa) as alleged by Plaintiffs, she would – by virtue of her responsibility for co-conspirator's acts and reasonable expectation that such acts would lead to consequences in Maryland - be subject to personal jurisdiction in Maryland.[2]

Mrs. Wadhwa asserts this Court lacks personal jurisdiction under the conspiracy theory because Plaintiffs' have failed to

---

[1]  All Rule references are to the Federal Rules of Civil Procedure

[2]  For a federal district court to exercise personal jurisdiction over a nonresident defendant two requirements must be satisfied:

1.  The exercise of personal jurisdiction must be authorized under the long-arm statute of the state in which the court is located; and

2.  The exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment.

ASCO Healthcare, Inc. v. Heart of Tx. HealthCare and Rehab., Inc., 540 F. Supp. 2d 634, 640 (D. Md. 2008).

Maryland's long-arm statute permits a court to exercise personal jurisdiction over a nonresident who "directly or by an agent", causes "tortious injury in the State by an act or omission in the State."  Md. Code Ann. Cts. & Jud. Proc. § 6-103(b)(3).

plead a plausible substantive conspiracy claim against her. However, Mrs. Wadhwa has not filed a dismissal motion under Rule 12(b)(6).  When a defendant moves by pretrial motion pursuant to Rule 12(b)(2) to dismiss a complaint for lack of personal jurisdiction and the court decides the motion without conducting an evidentiary hearing, "the plaintiff need only make a <u>prima facie</u> showing of personal jurisdiction" and the court is to "take all disputed facts and reasonable inferences in favor of the plaintiff."  <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334 F.3d 390, 396 (4th Cir. 2003).

Here, an issue determinative of the merits of the substantive claim is also determinative of the jurisdictional issue.  There can be no doubt that this Court has jurisdiction to determine whether it has jurisdiction.  <u>See</u> <u>In re Bulldog Trucking, Inc.</u>, 147 F.3d 347, 352 (4th Cir. 1998) (explaining "federal courts have authority to determine whether they have jurisdiction").

There are circumstances in which a district could decide to conduct an evidentiary hearing to determine factual issues determinative of the existence of jurisdiction.  Determination of whether this Court has personal jurisdiction over Mrs. Wadhwa under the conspiracy theory would require a proceeding that would, essentially, constitute a trial of the substantive claim of conspiracy tort liability itself.  The Court does not find it

prudent at this juncture to adjudicate the conspiracy-related
issues through an evidentiary hearing prior to discovery.

After consideration of the allegations in the Complaint,
the motion papers, and the nature of the claims asserted
therein, and drawing all reasonable inferences in favor of
Plaintiffs, as it must, the Court finds that Plaintiffs have
made a _prima_ _facie_ showing that the Court may be able to
exercise personal jurisdiction over Mrs. Wadhwa under the
conspiracy theory[3] of personal jurisdiction.  However, the Court
is not addressing the question of whether the factual
allegations within the Complaint state a viable claim of
conspiracy against Mrs. Wadhwa meeting the Rule 12(b)(6)
standards.


    B.   Discovery

     Mrs. Wadhwa seeks to avoid the obligations imposed upon
her by virtue of the Amended and Restated Temporary Restraining
Order, Preliminary Injunction, and Order Authorizing Expedited
Discovery.  She seeks relief because of the pendency of her
motion seeking dismissal on jurisdictional grounds.  As set
forth herein, the claims against her are not being dismissed on

---

[3]    In a conference with the Court and counsel for Mrs. Wadhwa,
Plaintiffs sought leave to present evidence that, they claim,
would establish that Mrs. Wadhwa's contacts with Maryland were
adequate to establish personal jurisdiction. The Court denied
the request.

jurisdictional grounds.  She is still a party to this case.

Moreover, even if the claims against Mrs. Wadhwa were dismissed,

she would be subject to third-party discovery obligations under

Federal Rule of Civil Procedure 45.[4]


III.  CONCLUSION

Accordingly,

1. Nikkita Wadhwa's Motion to Dismiss for Lack of
   Personal Jurisdiction Pursuant to Fed. R. Civ. P.
   12(B)(2) [Document 23] is DENIED.

2. Nikkita Wadhwa's Motion to Modify Amended and
   Restated Temporary Restraining Order, Preliminary
   Injunction, and Order Authorizing Expedited
   Discovery [Document 38] is DENIED.


SO ORDERED, on Friday, April 05, 2013.


_____/s/_____
        Marvin J. Garbis
United States District Judge

---

[4]     The extent to which her obligations as a party may differ
from those as a third-party can be addressed if, and when, the
claims against her are dismissed.