IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADVANCED PAIN MANAGEMENT SERV.,
LLC, et al.

    Plaintiffs

  vs.      CIVIL ACTION NO. MJG-12-3579

VIC WADHWA, et al.

    Defendants

## MEMORANDUM AND ORDER RE: DEFERRED DEFENDANT DISCOVERY

The Court has before it Plaintiffs' Motion to Commence Discovery from the Deferred Defendants [Document 84] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

The Scheduling Order [Document 58] provides:

> 3. Fact discovery <u>from</u> Nikkita Wadhwa[1], Yvonne Bohne, Terrilyn Cohen, and Staci Decker (the "Deferred Defendants") shall proceed pursuant to their agreement or, absent agreement, further Order permitting such discovery.
>
>  a) Any such Order shall be issued upon consideration of the need for specified discovery at the time in question and the avoidance of undue burdens.

---

[1] Named in the Complaint as "Aarti Chotrani." The Court recognizes that there may be a material difference in considerations pertinent to Nikkita Wadhwa and the other Deferred Defendants.

The parties have been unable to agree regarding fact discovery from the Deferred Defendants.  Moreover, Defendants seek to add Defendant Mohammed Alam to the list of Deferred Defendants named in the Scheduling Order.  See [Document 91] at 2-3.

The Court finds it no longer appropriate to permit the Deferred Defendants to delay their obligation to respond to discovery.  Indeed, even if they had not been named as Defendants, these individuals would be required to respond to third party discovery in the instant case.

As to Defendants Yvonne Bohne, Terrilyn Cohen, and Staci Decker, the Court will permit Plaintiffs to conduct an initial deposition of a full seven hours of testimony in which the deponent shall answer all questions seeking answers within the scope of permissible discovery, subject to reasonable privilege objections.  Plaintiffs may, thereafter, continue the deposition by agreement or pursuant to a further Order upon a showing that the deponent has not met the foregoing conditions or that further deposition testimony is warranted.

As to Defendant Nikkita Wadhwa, the Court finds no reason to impose any restrictions upon Plaintiff in addition to those imposed by the Federal Rules of Civil Procedure.

As to Defendant Mohammed Alam, not a Deferred Defendant, the Court imposes no restrictions upon Plaintiff in addition to those imposed by the Federal Rules of Civil Procedure.

For the foregoing reasons:

1. Plaintiffs' Motion to Commence Discovery from the Deferred Defendants [Document 84] is GRANTED.

2. Plaintiff may proceed with discovery from Defendants Nikkita Wadhwa and Mohammed Alam as permitted by the Federal Rules of Civil Procedure.

3. Plaintiff may proceed with discovery from Defendants Yvonne Bohne, Terrilyn Cohen, and Staci Decker as permitted by the Federal Rules of Civil Procedure subject to the following conditions with regard to depositions[2]:

    a. Plaintiff may take an initial deposition of a full seven hours of unobstructed testimony.

    b. The deponent shall answer all questions seeking answers within the scope of permissible discovery, subject to reasonable privilege objections.

    c. Plaintiff may, thereafter, continue the deposition by agreement or pursuant to a further Order upon a showing that the deponent has not met the foregoing conditions or that further deposition testimony is warranted.

SO ORDERED, this Tuesday, December 31, 2013.

/s/
Marvin J. Garbis
United States District Judge

---

[2] The Court is not imposing special conditions in regard to any documentary discovery from these Defendants.