```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

ADVANCED PAIN MANAGEMENT       *
SERVS., LLC, et al.
                               *
          Plaintiffs
                               *
     vs.                           CIVIL ACTION NO. MJG-12-3579
                               *
VIC WADHWA, et al.
                               *
          Defendants
*    *    *    *    *    *    *    *    *
```

## MEMORANDUM AND ORDER RE: AMENDMENT

The Court has before it Defendants'[1] Motion for Leave to File Amended Pleading [Document 82] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Defendants wish to file an amended answer for two purposes:

1. To add 42 paragraphs of factual allegations in support of the affirmative defenses based on fraud, unclean hands, and in pari delecto.

2. To assert counterclaims based upon alleged tortious conduct, most of which occurred after Plaintiffs commenced the instant lawsuit.

These shall be addressed in turn.

---

[1] Defendants Vic Wadhwa, Apex Diagnostic Services, Inc., Star Healthcare Purchasing, LLC, Munich Management Consulting, LLC, and Wadhwa, LLC filed the Motion. The other co-Defendants have consented to the filing.

A.  Factual Allegations

Defendants assert that it is necessary for them to file the proffered factual allegations to support their previously filed affirmative defenses, citing to the decision of Judge Titus in Bradshaw v. Hilco Receivables, LLC, 725 F. Supp. 2d 532, 534 (D. Md. 2010).  Albeit an academic point, the Court notes that there is a contrary view supported by judicial decisions.  See, e.g., Lockheed Martin Corp. v. United States, No. 8:12-cv-03725-AW, 2013 WL 5405654, at *4 (D. Md. Sept. 26, 2013) ("[A]s a general matter, the Court declines to hold that Twombly and Iqbal apply to affirmative defenses."); Wells Fargo & Co. v. United States, 750 F. Supp. 2d 1049, 1051 (D. Min 2010)( "Whatever one thinks of Iqbal and Twombly, the 'plausibility' requirement that they impose is more fairly imposed on plaintiffs who have years to investigate than on defendants who have 21 days.").  The undersigned judge, in the absence of a binding precedent or of a general judicial consensus on the issue, would not require the proffered amendment by Defendants to avoid dismissal.

Although the amendment is not required, the Court will permit it.  While the allegations are no doubt unpleasant reading for Plaintiffs and may well be unsustainable, they do provide Plaintiffs with information that could have been obtained – and perhaps should have been obtained – in the course of discovery relating to the pleaded affirmative defenses.

Plaintiffs contend that Defendants have a desire to delay the progress of the instant case. Whether or not they have that desire, they have not sought an adjustment of the Scheduling Order.

B.  Counterclaims

According to Defendants, the proffered "counterclaims relate to [alleged] tortious conduct by Advanced Pain that occurred after commencement of this action." Def. Memo in Support [Document 82-3] at 2. Neither side contends that these are compulsory counterclaims.

Little discussion of the matter is warranted. Since "[m]ost of the facts supporting the counterclaims occurred after this litigation commenced," [Id. at 6], it is apparent that further discovery will be necessary as to those alleged facts. Accordingly, it is definitely possible that permitting these counterclaims will cause a delay in the progress of the instant case.

Under the circumstances, the Court will not permit the Amendment of the Answer to include the proffered counterclaims. However, the Defendants are not foreclosed from filing a new lawsuit asserting the claims contained in the proffered counterclaims. This lawsuit - if filed in the District of Maryland – would be a "related case" with the instant lawsuit.

3

The two related cases could be coordinated as may be appropriate in a manner to avoid undue delay in resolution of the claims made by Plaintiffs in the instant case.

C.  Conclusion

For the foregoing reasons:

1. Defendants' Motion for Leave to File Amended Pleading [Document 82] is GRANTED IN PART.

2. The proffered Amended Answer to First Amended Complaint for Damages and Injunctive Relief [Part I of Document 82-1] is accepted for filing.

3. The proffered Counterclaim of Vic Wadhwa and Apex Diagnostic Services, Inc. [Part II of Document 82-1] is not accepted for filing.

4. The case shall continue to proceed pursuant to the Scheduling Order [Document 58].

SO ORDERED, on Wednesday, January 22, 2014.

/s/
Marvin J. Garbis
United States District Judge